RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL COSTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOVE, INC. d/b/a REALTOR.COM,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br>2. **VIOLATIONS OF THE SCTPPA**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Daniel Costa (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million

COMPLAINT - 1

complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Move, Inc. d/b/a Realtor.com to market its goods and services through the use of a telemarketing campaign despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

3. The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq.*, which also restricts placing a call to a number on the National Do Not Call Registry.

4. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Daniel Costa is an individual citizen and resident of South Carolina.

7. Defendant Move, Inc. d/b/a Realtor.com is a Delaware corporation which is headquartered in this District.

COMPLAINT - 2

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

9. This Court has general personal jurisdiction over Realtor.com because it resides in this District and makes telemarketing calls from this District, just as it did with the Plaintiff.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District and makes telemarketing calls from this District, just as it did with the Plaintiff.

## TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The SCTPPA

16. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

17. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

18. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

**FACTUAL ALLEGATIONS**

19. Defendant Realtor.com is a "person" as the term is defined by 47 U.S.C. § 153(39).

20. At no point has the Plaintiff sought out or solicited information regarding Defendant Realtor.com's goods and services prior to receiving the telemarketing calls at issue.

COMPLAINT - 4

Calls to Plaintiff

21. Plaintiff Costa's telephone number, (803) 821-XXXX has been on the National Do Not Call Registry since February 13, 2016.

22. That telephone number is used for residential purposes.

23. That telephone number is not associated with a business.

24. On at least two occasions between May 13 and July 4, 2021, the Defendant contacted the Plaintiff on his number.

25. Plaintiff Costa received the second call even though he informed them during the May 13, 2021 call that he was not interested.

26. The calls came from the Caller ID 803-403-0446.

27. That is a Caller ID used by the Defendant to offer their brokerage services.

28. Other individuals have complained about getting calls from that number. *See* https://whocallsme.com/Phone-Number.aspx/8034030446 (Last Visited July 17, 2021).

29. The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they sought to have him sign up for Realtor.com's brokerage services.

30. These calls therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

31. Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  The calls also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

33. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

34. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

**SCTPPA Class**: All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Defendant, or someone on its behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting Defendant's services.

Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

36. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

37. This Class Action Complaint seeks injunctive relief and money damages.

38. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

39. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in the Class.

40. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

41. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

43. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

    (b) whether the telemarketing calls were made to individuals with South Carolina area codes;

    (c) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. Class members will be ascertainable from records maintained by Defendant and/or their agents.

46. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**on behalf of the National Do Not Call Registry Class**

47. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48. Defendant violated the TCPA and the Regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

49. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

51. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## SECOND CAUSE OF ACTION
### Violation of SC Telephone Privacy Protection Act
### On Behalf of the SCTPPA Class

52. The above allegations are repeated and realleged herein as if set forth herein.

53. Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry.

54. The Plaintiff, on behalf of the class, seeks monetary damages and an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

As a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiff seek for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $1,000 for each negligent violation of the SCTPPA and $5,000 for each knowing or willful violation;

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 19th day of July, 2021.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Classes*